REQUESTED BY: Stephen L. Von Riesen, Hall County Attorney, P.O. Box 367, Grand Island, Nebraska, 68801.
1. Is an informal probate proceeding necessary when the decedent's only property, a bank account of less than $10,000, is to escheat to the state?
2. If an informal probate proceeding is not necessary, who may sign an affidavit of transfer allowed by Neb.Rev.Stat. § 30-24,125 (Reissue 1979)?
1. If property is to escheat to the State, a formal probate proceeding is necessary to determine heirship and to establish that the estate should pass to the State.
2. An informal probate proceeding is necessary in this instance. An affidavit of transfer must be signed by a successor of the decedent. Successor is defined by Neb.Rev.Stat. § 30-2209(43) (Reissue 1979).
In your letter you set out circumstances wherein a decedent died without heirs leaving funeral and nursing home expenses and leaving as his only property, a bank account of less than $10,000. If it appears from an inventory of the estate that the value of the entire estate does not exceed expenses of administration, reasonable funeral expenses and reasonable and necessary medical and hospital expenses of the last illness of the decedent, an informal probate proceeding would be warranted. Under these circumstances, informal probate of the decedent's estate would provide adequate procedural and adjudicative safeguards to insure proper administration of the decedent's estate. We are of the opinion that an adjudicative determination should be made that the funeral home expenses are reasonable, and that nursing home expenses were necessary and reasonable.
However, if it appears that property will pass to the State, a formal probate proceeding is necessary to determine heirship and to establish by an adjudicative determination that the estate should pass to the State.
We are of the opinion that collection of the personal property of the decedent by affidavit is not proper under these circumstances. Neb.Rev.Stat. § 30-24,125 (Reissue 1979) allows the `successor' of the decedent, in estates of less than $10,000, to collect the personal property of the decedent. `Successor' is defined by Neb.Rev.Stat. 30-2209(43) (Reissue 1979) as follows:
 Successors means those persons, other than creditors, who are entitled to property of a decedent under his will or this code.
Because the decedent's creditors are excluded as successors by definition and there are no heirs to the decedent's estate, there is no successor under Neb.Rev.Stat. § 30-24,125 (Reissue 1979). It therefore follows that informal probate of the decedent's estate is necessary.
Very truly yours, PAUL L. DOUGLAS Attorney General John E. Brown Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General